IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

KENNETH WAYNE KOWALSKY,

    Plaintiff,

V.                                                             CIVIL ACTION NO. 3:08-0868

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

    In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings and plaintiff's motion to remand.

    Plaintiff filed his applications on February 16, 2006, alleging disability commencing January 16, 2002, based on a diagnosis that he was bi-polar, amputation of his right toe, epilepsy, seizures and PTSD. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the

Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was twenty-six years of age and had obtained a high school education. His past relevant employment experience consisted of work as a furniture mover, housekeeper and telemarketer. In his decision, the administrative law judge determined that plaintiff suffers from "depression, post-traumatic stress disorder and polysubstance abuse," impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity to perform a full range of work. On the basis of this finding, and relying on Rule 204.00 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff asserts that his physical and mental impairments in combination equal a listed impairment. Plaintiff makes this assertion without providing any legal or regulatory support, only stating that it is "obvious." From a review of the administrative decision, it is clear that the administrative law judge reviewed plaintiff's impairments under Appendix 1, and found they did not meet the criteria for a listed impairment. The administrative law judge reviewed his substance abuse in accordance with Section 12.09 and found that there was not evidence to support any of the requirements under this listing. Additionally, he evaluated

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2.

2

his mental impairments in accordance with sections 12.04, 12.06, and 12.09.  In order to satisfy the "B" criteria of the listings the disorder must result in at least two of the following: "(1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration."  In evaluating plaintiff under this section the administrative law judge found he only had "mild" limitation in activities of daily living, "moderately impaired" social functioning, "moderate" deficiencies of concentration, persistence or pace, and he has never experienced deterioration or decompensation.  He continued to evaluate plaintiff under Section "C" of Listings 12.04 and 12.06 and found no documentation to indicate he would meet these further requirements.  From the foregoing, and in the absence of any basis for questioning the methodology or reasoning of the administrative law judge, this Court concludes that his findings with respect to the listed impairments are supported by the evidence.

Plaintiff also asserts that the Commissioner made a faulty credibility assessment.  The regulations describe a two-step process for evaluating symptoms.[3]  The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4]  If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which

---

[3] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

they limit the individual's ability to do basic work activities.[5] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes the administrative law judge properly assessed the plaintiff's credibility, concluding that his statements concerning the intensity, persistence and limiting effects of his symptoms were "not very credible." The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors listed in 96-7p.[6] In considering these factors, the administrative law judge noted that plaintiff testified to having severe mental problems brought on at an early age. Plaintiff said that he engaged in self mutilation, having attempted to saw his arm off[7], and has a history of drug use. On one of his visits to the emergency room he was referred to Prestera Center for mental health treatment, but the record indicates that

---

[5] Id.

[6] See also 20 C.F.R. §§ 404.1529 and 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

[7] There is no evidence of this type of injury in the record. The only injury in the record that could possibly be attributed to such activity were superficial lacerations to his forearm.

he never sought treatment at Prestera. He had been prescribed Klonopin for the treatment of seizures, but became dependent on this medication and his treating physician stopped prescribing it to him. On multiple occasions he sought prescription medication from emergency room physicians, and when denied the medication he would became hostile toward the medical staff.

The administrative law judge noted that he alleged disability due to seizures, but he did not have any seizures between the ages of fifteen and twenty-four. In 2005 he began to experience some seizure activity that was treated with Klonopin. This drug helped control his symptoms, but he soon began to abuse the medication and his treating physician ceased prescribing it to him. Subsequently, his trips to the emergency room that were purportedly for treatment of seizures were linked to drug seeking behavior. He is not receiving any treatment for seizures, does not take any medication for his back pain, and is not receiving mental health treatment. Plaintiff states the reason for not undergoing treatment was because of a lack of money, however the administrative law judge found it notable that he had money to smoke marijuana every other day. Additionally, plaintiff has been seen by two state agency physicians and has had two psychological evaluations. Neither medical examiner found him to be exertionally limited, and both psychological examinations found him only moderately limited in multiple categories with no marked limitations. These medical assessments tend to support the administrative law judge's finding that he is not as limited as he alleges.

Plaintiff also asserts that the administrative law judge was wrong in finding that he was capable of work "in spite of the numerous 'Moderately Limited' designations." From a review of the record it is apparent that the administrative law judge adopted the most limited mental

capacity designated by the state agency psychologist and related those limitations to the vocational expert. Based on this information the vocational expert found that he would still be capable of the "most routine type of repetitive work activity." The Court, therefore, finds no error in the administrative law judge's reliance on the testimony of the vocational expert.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: December 17, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE